IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:24-CR-001-Y |
| v. | |
| JOHN ANTHONY CASTRO (01) | |

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Pending before the Court is the Consent Motion for a Protective Order (doc. 18).[1] The parties have represented to the Court that discovery in this case will consist of voluminous records that include personal identifying information as well as tax information related to certain individuals. The Court concludes that good cause has been established for entry of this protective order as it is a reasonable measure that protects the rights of the defendants, the public, and witnesses involved in this case. As a result, the motion should be, and it is hereby, **GRANTED**. Therefore, pursuant to Rules 16 and 49.1 of the Federal Rules of Criminal Procedure, and the inherent authority of this Court, it is **ORDERED** as follows:

1.  This order shall apply only to documents produced by the government to the defendant and/or attorneys who have appeared to represent the defendant (collectively referred to as "the defense"). The documents produced by the government to the defense,

---

[1] The Court did not receive a paper copy of the motion and only today discovered that it had been filed. Counsel are reminded of this Court's requirement that a paper copy of every motion be transmitted to chambers upon electronic filing of the motion. *See* N.D. TEX. L. CRIM. R. 49.2(b); ECF Admin. Procedures Manual at 3, ¶ II(C). Compliance with this requirement generally expedites the Court's consideration of the related motion; persistent failure to comply will result in the unfiling of the related motion.

and the information contained therein and protected by this order are hereinafter referred to as "the Protected Material."

2.  Other than as set forth in this order, the Protected Material shall not be disclosed, disseminated, or otherwise provided by the defense to any third party for any reason.

3.  The defense may share or provide copies of the Protected Material with the defendant but may not allow the defendant to retain a copy of any portion of the Protected Material unless all personal identifying information and tax-related information, as defined by Federal Rule of Criminal Procedure 49.1, has been removed or redacted from the Protected Material.

4.  The defense may share or provide copies of the Protected Material with experts hired by the defense and support staff employed by defendant's counsel.

5.  The defense may share the Protected Material with potential witnesses (or their attorneys) but may not allow a witness (or a witness's attorney) to make or retain a copy of any portion of the Protected Material.

6.  The Protected Material may not be used by the defense or anyone that the defense discloses such information to for any purpose other than the defense of the instant action and any ancillary proceedings.

7.  A copy of this order shall be provided by defense counsel to any person or entity receiving access to or copies of the Protected Material by the defense, including the defendant, witnesses, experts, and support staff.

8.  The government and the defense may cite, attach, refer to, quote, or otherwise use the Protected Material in filings and pleadings with the Court so long as they redact or file under seal any information contained in the Protected Material that constitutes personal identification information, as defined by Rule 49.1 of the Federal Rules of Criminal Procedure, regardless of the fact that the information was produced by the government to the defense in an un-redacted form.

9.  The defense team shall keep the Protected Material secured whenever the Protected Material is not being used in furtherance of its work in the instant action.

10. The use of the Protected Material as evidence at the trial in this case shall be subject to such protection as the Court shall determine at or before trial. No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any of the Protected Material. A party that intends to introduce any of the Protected Material at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain confidentiality of personal identification information.

11. Nothing in this order shall be construed to require production of any of the Protected Material that is privileged or otherwise protected from disclosure. The entry of this order shall not be deemed to constitute a waiver by any party of any objection to disclosure or production of any information or material during discovery.

12. The terms of this order shall survive the final termination of this litigation and shall continue to apply fully to all the Protected Material that has not properly become a matter of public record.

13. This order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

14. Violation of this order shall subject the violator to contempt of court, or any monetary or other sanctions deemed appropriate by the Court.

15. **Unless this order includes a clause that explicitly states that a particular local rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local rule of this Court.**

SIGNED February 12, 2024.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

The parties hereby agree to the above order to be entered by the Court.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*s/ P.J. Meitl*  　　　　　　　　　　　　　　　　　*s/ Mick Mickelsen*
P.J. MEITL　　　　　　　　　　　　　　　　　　MICK MICKELSEN
Assistant United States Attorney　　　　　　　Attorney for John Castro
D.C. Bar No. 502391
801 Cherry Street, 17th Floor
Fort Worth, Texas 76102
Telephone:  817.252.5272
E-mail: philip.meitl@usdoj.gov