IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

JOHN ANTHONY CASTRO (01)

CRIMINAL NO.   4:24-CR-1-Y

## GOVERNMENT'S EXPERT WITNESS DESIGNATION

Pursuant to Federal Rules of Criminal Procedure Rule 16(b)(1)(C) and 16(a)(1)(G), the United States of America, by and through its counsel, respectfully notifies the defendant of its intent to offer testimony during its case-in-chief of the following individual who will serve as an expert witness or witness with expertise under Federal Rules of Evidence 701, 702, 703, or 705: Professor Bruce A. McGovern.   The following information is designed to comply with the disclosures required under Federal Rule of Criminal Procedure 16(a)(1)(G)(iii) and (v).

The United States does not concede or contend that every portion of the testimony described below necessarily qualifies as expert testimony under the Federal Rules of Evidence or implicates the disclosure requirements of Federal Rule of Criminal Procedure 16.   Nonetheless, the United States provides this disclosure out of an abundance of caution, or the defense argues, or the Court concludes, that such testimony constitutes expert opinion testimony.   Further, the United States may not elect to elicit from this witness all the testimony described herein.

**Government's Notice of Expert Witness - Page 1**

Further, this notice may require supplementation following the filing of the defense notice of experts.

**Qualification as an Expert**

Bruce A. McGovern, J.D., LL.M., is a member of the faculty at South Texas College of Law Houston, where he also serves as Director of the school's Low Income Taxpayer Clinic and oversees the school's Volunteer Income Tax Assistance (VITA) program. Previously, he served for many years as the school's Vice President and Associate Dean for Academic Administration.

He received his undergraduate degree from Columbia University and his law degree from Fordham University School of Law.   After law school, he served as a judicial clerk for Judge Thomas Meskill on the U.S. Court of Appeals for the Second Circuit in New York.   He then practiced tax law with the law firm of Covington & Burling in Washington, D.C.   He subsequently earned an LL.M. in Taxation from the University of Florida Levin College of Law, where he taught as a visiting faculty member before joining the faculty at South Texas College of Law Houston.

Professor McGovern also has held an appointment as a visiting faculty member at Loyola University Chicago School of Law. Professor McGovern teaches and writes in the areas of business organizations and taxation.   His courses include Federal Income Taxation, U.S. Taxation of International Transactions, Partnership and Subchapter S Taxation, and Federal Tax Procedure.   He frequently speaks to attorneys and CPAs throughout the United States on recent developments in federal income taxation.

**Government's Notice of Expert Witness - Page  2**

Professor McGovern is a member of the Council of the State Bar of Texas Tax Section, a former Chair of the Houston Bar Association Section of Taxation, and a Fellow of the American College of Tax Counsel. He is licensed to practice law in Connecticut, the District of Columbia, Maine, and New York and is admitted to practice before the United States Tax Court. Professor McGovern has extensive experience representing taxpayers before the Internal Revenue Service and in the United States Tax Court and in preparing individual federal income tax returns.

## Previous Experience as an Expert Witness

Professor McGovern has testified as an expert at trial or in a deposition in the following cases over the previous four years:

1. Cause No. D-1-GN-19-007155, *Conagra Brands, Inc. v. Glenn Hegar, Comptroller of Public Accounts*, in the 345th Judicial District Court, Travis County, Texas.
2. Cause No. D-1-GN-20-002649, *Hibernia Energy, LLC v. Glenn Hegar, Comptroller of Public Accounts*, in the 261st Judicial District Court, Travis County, Texas.
3. Cause No. 19-34054-SGJ-11, Adversary No. 21-03003, *Highland Capital Management, L.P. v. James D. Dondero*, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division
4. Cause No. 19-34054-SGJ-11, Adversary No. 21-03004 *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P.*, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division

## Publications in the Previous Ten Years

Professor McGovern has authored the following publications in the previous ten years:

1. Federal Income Taxation of Individuals (3d ed. Thomson Reuters 2023) (with Boris I. Bittker, Martin J. McMahon, Jr., and Lawrence A. Zelenak).

2. Chapter 24, *Assisting Disaster Survivors*, in Effectively Representing Your Client Before the IRS (Am. Bar Ass'n Tax Section 8th ed. 2021) (with Andrew Van Singel).

3. *Recent Developments in Federal Income Taxation: The Year 2022,* 76 The Tax Lawyer 645 (2023) (with Cassady V. Brewer).

4. *Recent Developments in Federal Income Taxation: The Year 2021,* 75 The Tax Lawyer 681 (2022) (with Cassady V. Brewer and James M. Delaney).

5. *Recent Developments in Federal Income Taxation: The Year 2020,* 74 The Tax Lawyer 691 (2021) (with Cassady V. Brewer and James M. Delaney).

6. *Recent Developments in Federal Income Taxation: The Year 2019,* 73 The Tax Lawyer 501 (2020) (with Cassady V. Brewer and James M. Delaney).

7. *Recent Developments in Federal Income Taxation: The Year 2018, 72 The Tax Lawyer 695 (2019) (with Cassady V. Brewer).*

8. *Recent Developments in Federal Income Taxation: The Year 2017,* 71 The Tax Lawyer 725 (2018) (with Cassady V. Brewer).

9. *Recent Developments in Federal Income Taxation: The Year 2016*, 20 Florida Tax Rev. 131 (2017) (with Martin J. McMahon, Jr.).

10. *Recent Developments in Federal Income Taxation: The Year 2015*, 18 Florida Tax Rev. 275 (2016) (with Martin J. McMahon, Jr.).

11. *Recent Developments in Federal Income Taxation: The Year 2014, 17 Florida Tax Rev. 97 (2015) (with Martin J. McMahon, Jr. and Ira B. Shepard).*

## **Anticipated Testimony**

### ***Overview***

It is anticipated that Professor McGovern will assist the Court (now that the defendant has elected for a bench trial) to understand the tax reporting and payment obligations of individuals and entities in the United States.  He will testify about the purpose and use of certain tax forms, including Form 1040, Schedule A, and Schedule C.

It is anticipated that Professor McGovern will explain what the IRS does and the programs and services funded by income and other taxes (this will be abbreviated because

the case will proceed as a bench trial).  He will testify that the IRS is an agency of the United States Department of the Treasury responsible for the enforcement and administration of the tax laws, and the collection of taxes owed to the United States.  He will explain that taxes collected by the IRS fund various federal programs including but not limited to Social Security, Medicare, the military, law enforcement, disaster relief, and education.

It is anticipated that Professor McGovern will provide a general explanation of the voluntary tax system in the United States and the duty to file a tax return when an individual's income reaches a certain threshold.  He will explain the different types of filing statuses (including married filing jointly, single, married filing separately, and head of household) and which classification should be used.   He will explain the different parts of an income tax return, including the sections addressing income, deductions, calculation of the tax, and the obligation to sign the tax return under penalty of perjury.

It is anticipated that Professor McGovern will explain the various forms that businesses may take, including sole proprietorships that report their income and deductions on Schedule C of Form 1040. This explanation will include how such businesses report income to the government, whether separate tax returns are required for the businesses, and how individuals associated with those businesses are required to report income.

It is anticipated that Professor McGovern will explain the nature of income that must be reported to the federal government—in other words, what constitutes income and what

does not constitute income for federal tax purposes.   He will also explain what deductions are permissible to reduce the income that is subject to tax.

It is anticipated that Professor McGovern will testify that he has reviewed the positions taken by Castro on federal income tax returns identified in the Indictment, on Form 8275 attached to those returns, and in emails to investigating agents, and that these positions taken by Castro were contrary to the law as reflected in the Internal Revenue Code (Code), Treasury Regulations, and other relevant authority and are not accepted positions in the tax field.   He will provide specific details, as discussed more fully below.

### *Schedule A Issues*

#### *Unreimbursed Employee Business Expenses*

It is anticipated that Professor McGovern will testify that an employee is treated for federal tax purposes as being engaged in the trade or business of being an employee and therefore is entitled to deduct ordinary and necessary business expenses under section 162 of the Code. *See, e.g., Primuth v. Commissioner*, 54 T.C. 374, 377-78 (1970).   It is anticipated that Professor McGovern will testify that whether an individual is an employee (rather than an independent contractor) is determined by applying a multi-factor, common law test. *See, e.g., Hathaway v. Commissioner*, T.C. Memo. 1996-389 (1996).

It is anticipated that he will testify that, in order for an employee to deduct business expenses, all requirements of section 162 of the Code must be met, including that the expense must be ordinary and necessary and must actually be paid or incurred during the taxable year. It is expected that Professor McGovern will testify that an employee can

deduct expenses under section 162 of the Code only if the employee can establish a business purpose for the expense, i.e., that the expense is directly related to the taxpayer's employment, and if the employee can substantiate the amount and purpose of the expense. *See, e.g., Simpson v. Commissioner*, T.C. Memo. 2023-4 (2023)*; Dunkelberger v. Commissioner*, T.C. Memo. 1992-723 (1992).

It is anticipated that Professor McGovern will testify that, if a cost paid or incurred by an employee is deductible under section 162 of the Code, then the employee must report the deduction on the employee's federal income tax return in one of two ways.  First, if the employee incurs the expense under a reimbursement or other expense allowance arrangement with his employer, then the employee includes the reimbursement received from the employer in the employee's gross income and, pursuant to section 62(a)(2)(C) of the Code, subtracts the expense as a deduction from the employee's gross income on Form 1040 to arrive at the employee's adjusted gross income.

Relevant Treasury Regulations simplify the reporting of such reimbursed employee business expenses and provide that, if the employer's reimbursement or other expense allowance arrangement is an accountable plan as defined in Treas. Reg. § 1.62-2(c)(2), (d), (e), and (f), then the employee need not include in gross income the reimbursement received from gross income and therefore does not deduct the reimbursed expense. Treas. Reg. 1.62-2(c)(4).

Second, if the employee did not incur the expenses under a reimbursement or other expense allowance arrangement with his employer, then the employee, prior to 2018, could

report the unreimbursed employee business expenses as an itemized deduction on Schedule A of the individual's federal income tax return (Form 1040). *See, e.g., Simpson v. Commissioner*, T.C. Memo. 2023-4 (2023).

It is anticipated that Professor McGovern will testify that such unreimbursed employee business expenses that are reported on Schedule A are categorized as "miscellaneous itemized deductions" by section 67(b) of the Code and that prior to 2018, pursuant to section 67(a) of the Code, a taxpayer's aggregate miscellaneous itemized deductions, including unreimbursed employee business expenses, were deductible only to the extent they exceeded 2% of a taxpayer's adjusted gross income. It is anticipated that Professor McGovern will testify that, for tax years 2018 through 2025, section 67(g) of the Code disallows the deduction of all miscellaneous itemized deductions, including unreimbursed employee business expenses.

It is anticipated that Professor McGovern will testify that the unreimbursed employee business expenses that are the subject of Counts 1, 2, 3, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 of the Indictment are not legitimate deductions.

For example, the taxpayer whose 2017 tax return forms the basis for Count 6 of the Indictment told Special Agents Ma and Gogley during an interview that, although the return reported $7,445 in unreimbursed employee business expenses for uniforms and protective clothing, work tools, and expenses "from Form 2106," that the taxpayer did not have any unreimbursed expenses. This deduction is not authorized by section 162 of the

Government's Notice of Expert Witness - Page 8

Code because the taxpayer did not actually pay or incur these expenses.

Similarly, the taxpayer whose 2017 tax return forms the basis for Count 12 of the Indictment told Special Agents Ma and Stafford during an interview that, although the return reported $6,937 in unreimbursed employee business expenses for uniforms and protective clothing, work tools, and expenses "from Form 2106," that the amount claimed is incorrect and the taxpayer never told Castro & Co. that the taxpayer had these unreimbursed expenses. This deduction is not authorized by section 162 of the Code because the taxpayer did not actually pay or incur these expenses.

The taxpayer whose 2018 tax return forms the basis for Count 23 of the Indictment told Special Agents Ma and Gogley during an interview that, although the return reported $10,739 of unreimbursed employee business expenses as a deduction on line 24 of Schedule 1 and on Form 2106 as expenses of Armed Forces reservists, qualified performing artists, fee-basis state or local government officials, and employees with impairment-related work expenses, the taxpayer was not an Armed Forces reservist, performing artist, fee-based government official or an employee with impairment-related work expenses and did not have or provide figures to Castro & Co. for such unreimbursed expenses. This deduction is not authorized for at least three reasons: (1) the deduction is not authorized by section 162 of the Code because the taxpayer did not actually pay or incur the expenses; (2) even if the taxpayer had paid these expenses, the deduction is incorrectly reported on Schedule 1, line 24 because that line is used to report deductions that are subtracted from gross income to arrive at adjusted gross income, and specifically

deductions allowed to reservists, performing artists, and fee-basis government officials and the taxpayer did not fall into any of these categories; and (3) even if the taxpayer had paid these expenses, the Form 8275 attached to the return incorrectly relies on section 62(a)(2)(A) of the Code as authority for the deduction because section 62 of the Code is not a deduction-granting provision and such deductions are actually miscellaneous itemized deductions that are disallowed as deductions by section 67(g) of the Code for the year in question, 2018.

It is anticipated that Professor McGovern will testify that the analysis is similar for the unreimbursed employee business expenses that are the subject of the remaining Counts of the Indictment.

### *Other Schedule A Expenses*

It is anticipated that Professor McGovern will testify that investing for one's own account is not a trade or business for federal tax purposes, and therefore an individual cannot deduct investment-related expenses as ordinary and necessary business expenses under section 162 of the Code. *See Higgins v. Commissioner*, 312 U.S. 212, 218 (1941). It is anticipated that Professor McGovern will testify that, in response to the *Higgins* decision, Congress enacted section 212 of the Code, which authorizes the deduction by an individual of "all of the ordinary and necessary expenses paid or incurred during the taxable year (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3)in connection with the determination, collection, or refund of any tax."  As Professor McGovern will testify,

section 212 allows an individual to deduct several types of costs, such as investment-related costs, including brokerage fees and fees for services of investment counsel, clerical help, and office rent.   Treas. Reg. § 1.212.-1(g).

It is expected that Professor McGovern will testify that section 167(a) of the Code authorizes a deduction for depreciation of property that is subject to exhaustion, wear, and tear and that is used in connection with investment activity, such as a computer a taxpayer uses solely to manage his or her investments.   It is anticipated that Professor McGovern will testify that, with limited exceptions not applicable here, in 2017 and prior years costs that are deductible under section 212 and depreciation of investment-related property that is deductible under section 167(a) were reported on Schedule A of Form 1040[1] and are categorized as "miscellaneous itemized deductions" by section 67(b) of the Code.

As discussed earlier, prior to 2018, pursuant to section 67(a) of the Code, a taxpayer's aggregate miscellaneous itemized deductions (including costs that are deductible under section 212 and depreciation of investment-related property that is deductible under section 167(a)) were deductible only to the extent they exceeded 2% of a taxpayer's adjusted gross income.   It is anticipated that Professor McGovern will testify that, for tax years 2018 through 2025, section 67(g) of the Code disallows the deduction of all miscellaneous itemized deductions, including investment-related costs that otherwise would be deductible under sections 212 or 167(a).

---

1  In 2017 and prior years, section 212 and depreciation of investment-related property that is deductible under section 167(a) were reported on line 23 of Schedule A. In 2018 and later years, these expenses are not reported on Schedule A because they are not deductible.

**Government's Notice of Expert Witness - Page 11**

It is anticipated that Professor McGovern will testify that the other deductions on Schedule A that are the subject of Counts 1, 2, 3, 6, 9, 12, 15, 18, 21, 22, 25, 27, 28 [These counts are for Schedule A Line 23 "Other expenses" of the Indictment are not legitimate deductions.

For example, the taxpayer whose 2017 tax return forms the basis for Count 3 of the Indictment told Special Agents Ma and Gogley during an interview that, although the return reported other expenses on line 23 of Schedule A that included $13,950 of depreciation, the taxpayer had no idea what this was for and that neither the taxpayer nor the taxpayer's spouse had purchased enough property to result in this large of a depreciation deduction. This deduction is not authorized by section 167 of the Code because the taxpayer did not actually pay or incur this expense.

It is anticipated that Professor McGovern will testify that the analysis is similar for the other miscellaneous itemized deductions that are the subject of the remaining Counts of the Indictment.

It is anticipated that Professor McGovern will testify that a taxpayer can deduct certain "other" expenses as itemized deductions on Schedule A,[2] including impairment-related work expenses of a disabled person, certain unrecovered investments in a pension, and federal estate tax on income in respect of a decedent.   It is expected that Professor McGovern will testify that certain sections of the Code authorize these deductions; for

---

2  In 2017 and prior years, these deductions were reported on line 28 of Schedule A.   In 2018 and later years, these deductions are reported on line 16 of Schedule A.

**Government's Notice of Expert Witness - Page  12**

example, that section 162 of the Code authorizes an employee to deduct impairment-related work expenses, which are costs paid or incurred to enable the employee to perform his or her job duties, such as for medical devices.   It is anticipated that Professor McGovern will testify that only specific expenses can be deducted as "other" expenses on Schedule A, and that if an expense does not fall into one of the specified categories, then a taxpayer cannot deduct the expense.   It is expected that Professor McGovern will testify that, although these "other" expenses are reported as itemized deductions on Schedule A, they are not "miscellaneous itemized deductions" as defined in section 67(b) of the Code and therefore are not subject to the limitation in section 67(a) (for 2017 and earlier years) that miscellaneous itemized deductions are deductible only to the extent that, in the aggregate, they exceed 2% of the taxpayer's adjusted gross income and are not disallowed entirely (for 2018 through 2025) by section 67(g) of the Code.

It is anticipated that Professor McGovern will testify that the other Schedule A expenses that are the subject of Counts 3, 6, 8, 9, 12, 14, 15, 18, 22, 24, 27, 28, 31 of the Indictment are not legitimate deductions.

For example, the taxpayer whose 2019 tax return forms the basis for Count 24 of the Indictment told Special Agents Ma and Gogley during an interview that, although the return reported other expenses of $7,203 on line 16 of Schedule A for impairment-related work expenses, the taxpayer had no physical or mental impairment and neither had nor told Castro & Co. that the taxpayer had impairment-related work expenses.   This deduction is not authorized for at least two reasons: (1) section 162 of the Code does not authorize the

deduction because the taxpayer did not actually pay or incur this expense, and (2) even if the taxpayer had paid or incurred certain medical expenses, the position taken in Form 8275 attached to the return that all medical expenses, such as for treatment of strep throat, are impairment-related work expenses is an erroneous interpretation of the law and medical expenses are deductible under section 213 of the code and are subject to a limitation that does not apply to impairment-related work expenses.   Treating all medical expenses, such as for treatment of strep throat, as impairment-related work expenses that are fully deductible on Schedule A would, among other problems, render meaningless Congress's limitation in section 213(a) of the Code on the deduction of medical expenses.

It is anticipated that Professor McGovern will testify that the analysis is similar for the other miscellaneous itemized deductions that are the subject of the remaining Counts of the Indictment.

It is anticipated that Professor McGovern will testify that "gifts to charity" are deductible by an individual as an itemized deduction on Schedule A only if the amounts are actually paid within the taxable year to, or for use of, a qualified organization defined in section 170(c) of the Code.

### _Schedule C Issues_

It is anticipated that Professor McGovern will testify that if a taxpayer owned or operated their own unincorporated business, an attachment to IRS Form 1040, known as Schedule C, was used to report profits and losses from that business.   It is anticipated that Professor McGovern will testify that an activity is a trade or business for federal tax

purposes if the primary purpose for engaging in the activity is for income or profit and the taxpayer is involved in the activity with continuity and regularity and that a hobby does not qualify as a trade or business.   *See Groetzinger v. Commissioner*, 480 U.S. 23, 35 (1987).

It is anticipated that Professor McGovern will testify that taxpayers are required to report all money flowing into the business as their "gross receipts" on Schedule C.   It is anticipated that Professor McGovern will testify that section 162 of the Code permits taxpayers to deduct certain expenses from these gross receipts, including costs related to licenses, utilities, and insurance, provided that all requirements of section 162 are met.   It is anticipated that Professor McGovern will testify that section 162 also permits taxpayers who use a vehicle for business purposes to deduct the actual expenses of operating the vehicle for business purposes or instead deduct a specified cost per mile driven for business purposes using a standard mileage rate published by the IRS.   *See* Rev. Proc. 2019-46, 2019-49 I.R.B. 1301.

### *Employee Benefit Program Expenses*

It is anticipated that Professor McGovern will testify that, provided all requirements of section 162 are satisfied, an individual engaged in the conduct of a trade or business can deduct "employee benefit program expenses" and report these deductions on line 14 of Schedule C.   These expenses include payments made on behalf of employees (that are not related to pensions or profit-sharing plans) such as for accident and health plans, group-term life insurance, and dependent care assistance programs.   It is anticipated that Professor McGovern will testify that the category of deductible employee benefit program

**Government's Notice of Expert Witness - Page  15**

expenses does not include personal expenses or non-substantiated expenses and that a self-employed person cannot deduct as an employee benefit program expense amounts paid on the individual's own behalf for group term life insurance or for contributions to an accident or health plan.

It is anticipated that Professor McGovern will testify that the Employee Benefit Program expenses on Schedule C that are the subject of Counts 2, 3, 4, 5, 8, 9, 10, 11, 15, 17, 26, 30, 32, and 33 of the Indictment are not legitimate deductions.

For example, the taxpayer whose 2019 tax return forms the basis for Count 11 of the Indictment told Special Agents Ma and Tejada during an interview that, although the return reported employee benefit program expenses of $28,081 on line 14 of Schedule C, the business of the taxpayer's spouse had no employees and they had not told Castro & Co. that the taxpayers had these types of expenses.   It is anticipated that Professor McGovern will testify that (1) this deduction is not authorized by section 162 of the Code because the taxpayer did not actually pay or incur this expense, and (2) the position taken in Form 8275 attached to the return that section 119 of the Code authorizes this deduction on Schedule C is an erroneous interpretation of the law because section 119 is not a deduction-granting provision.   It is anticipated that Professor McGovern will testify that there is no reasonable basis for interpreting section 119 as authorizing deduction of a taxpayer's home mortgage interest or the entire home mortgage on the theory that a taxpayer's working from home converts the taxpayer's home into business premises, all of the costs of which are deductible. It is anticipated that Professor McGovern will testify that the analysis is similar

for the other employee benefit program expenses that are the subject of the remaining Counts of the Indictment.

*Depreciation*

It is anticipated that Professor McGovern will testify that (1) section 167(a) of the Code authorizes a deduction for depreciation of property that is subject to exhaustion, wear, and tear and that is either held for the production of income or used in a trade or business, and (2) no deduction is permitted for property used for personal purposes or for the coast of property that is not substantiated.   It is expected that Professor McGovern will testify that, conceptually, depreciation is the deduction of the cost of an asset over a period of time, which is the asset's useful life, and that, once a taxpayer has deducted the full cost of an asset, no further depreciation deductions are permitted.   It is anticipated that Professor McGovern will testify that an individual who is self-employed reports depreciation of assets used in a trade or business on line 13 of Schedule C.

It is anticipated that Professor McGovern will testify that (1) section 179 of the Code permits a taxpayer to deduct the cost of section 179 property placed in service during the year, and that section 179 property generally is depreciable personal property used in a trade or business, (2) the amount of a taxpayer's deduction under section 179 is subject to limitations, including a limit on the annual maximum deduction and a limit on the aggregate cost of qualifying property, and is further limited to the taxpayer's taxable income from the trade or business, and (3) an individual who is self-employed reports section 179 deductions for assets used in a trade or business on line 13 of Schedule C.

**Government's Notice of Expert Witness - Page  17**

It is anticipated that Professor McGovern will testify that the depreciation and section 179 deductions on Schedule C that are the subject of Counts 2, 3, 4, 15, 26, 30 of the Indictment are not legitimate deductions.

For example, the taxpayer whose 2017 tax return forms the basis for Count 2 of the Indictment told Special Agents Ma and Garcia-Rios during an interview that, although the return reported a deduction under section 179 of $20,000 on line 14 of Schedule C for a VW GTI automobile placed in service that year, the taxpayer had had this same vehicle since May 2014.   The taxpayer's 2015 and 2016 returns prepared by Castro & Co. had reported that the taxpayer's cost for the vehicle was $25,000 and had reported depreciation of this same vehicle in the amounts of $6,138 (2015) and $3,765 (2017).   When added to the $20,000 section 179 deduction on the taxpayer's 2017 return, the total depreciation and section 179 deductions claimed for the vehicle were $29,903, which exceeded the $25,000 cost of the vehicle.   It is anticipated that Professor McGovern will testify that the $20,000 deduction under section 179 on the taxpayer's 2017 tax return is not authorized by section 179 because (1) the taxpayer did not place the vehicle in service in 2017, and (2) the taxpayer had already deducted part of the cost of the vehicle through depreciation, which resulted in the aggregate depreciation and section 179 deductions exceeding the taxpayer's cost for the vehicle.

It is anticipated that Professor McGovern will testify that the analysis is similar for the other depreciation expenses that are the subject of the remaining Counts of the Indictment.

**Government's Notice of Expert Witness - Page 18**

## *Other Schedule C Expenses*

It is anticipated that Professor McGovern will testify that section 162 of the Code permits a taxpayer to deduct ordinary and necessary business expenses that a taxpayer pays or incurs in carrying on a trade or business, and that an individual who is self-employed reports these expenses on Schedule C.   It is anticipated that Professor McGovern will testify that, to deduct expenses under section 162, a taxpayer must establish that the expenses are directly related to the taxpayer's trade or business and the taxpayer must be able to substantiate the amount of the expenses.   It is expected that Professor McGovern will testify that the categories of deductible business expenses on Schedule C include the following:

1. Supplies

2. Travel expenses

3. Utilities

4. Office expenses,

5. Taxes and licenses

6. Car and truck expenses

7. Advertising

8. Insurance

9. Legal and professional fees

10. Repairs and maintenance

11. Interest

**Government's Notice of Expert Witness - Page  19**

12. Other

It is anticipated that Professor McGovern will testify that the expenses deducted in these categories that are the subject of Counts 2, 3, 4, 5, 10, 11, 15, 16, 17, 26, 30, and 33 of the Indictment are not legitimate deductions.  For example, the taxpayer whose 2019 return forms the basis for Count 11 of the Indictment told Special Agents Ma and Tejada during an interview that, although the return reported a deduction of $4,161 for advertising on line 8 of Schedule C, that the taxpayer had not paid that much for advertising.  The same taxpayer told Special Agents Ma and Tejada that, although the 2019 return reported insurance expense of $1,396 on line 15 of Schedule C and reported mortgage interest expense of $6,264 on line 16a of Schedule C, that these amounts were false because they were not related to the business and represented the taxpayer's insurance and mortgage interest on the taxpayer's home.   It is anticipated that Professor McGovern will testify that these deductions are not deductions authorized on Schedule C by section 162 of the Code (or by section 163 of the Code, which authorizes deduction of interest) either because the taxpayer did not actually pay or incur the expense or because the expense is not related to the taxpayer's trade or business.

### *Schedule E Issues*

It is anticipated that Professor McGovern will testify that a taxpayer engaged in a rental activity can deduct on Schedule E of Form 1040 "auto and travel" expenses incurred for travel costs related to the rental activity, and that auto or travel costs that are not actually incurred or that are for personal travel are not deductible.

### ***Common Practice of Return Preparers***

It is anticipated that Professor McGovern will testify that it is highly uncommon for a tax preparer to demand a significant fee before meeting a client in person.   It is anticipated that Professor McGovern will testify that it is inappropriate for a tax preparer to file a taxpayer's tax returns without sending a copy of the returns to the taxpayer and reviewing them with the taxpayer before filing.   It is anticipated that Professor McGovern will testify that it is highly uncommon and inappropriate for a legitimate tax preparer to split a tax refund with a tax preparer, as opposed to charging a standard fee.

[remainder of page left intentionally blank]

Professor McGovern's opinions, as identified above are based on his education, experience, and review of facts in this case, including the filed tax returns and interview summaries of victim-taxpayers.   His opinions are based on his extensive knowledge of federal tax law as reflected in the Internal Revenue Code, Treasury Regulations, other administrative guidance, and judicial interpretation of the foregoing.

Signature: _____

Professor Bruce A. McGovern

Respectfully submitted,

LEIGH SIMONTON
UNITED STATES ATTORNEY

/s/   *P.J. Meitl*
P.J. MEITL
Assistant United States Attorney
D.C. Bar No. 502391
801 Cherry Street, 17th Floor
Fort Worth, Texas 76102
Telephone:  817.252.5272
E-mail: philip.meitl@usdoj.gov

## CERTIFICATE OF SERVICE

On April 1, 2024, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

/s/ *P.J. Meitl*
P.J. Meitl
Assistant United States Attorney

**Government's Notice of Expert Witness - Page  22**