IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:24-CR-001-Y |
| JOHN ANTHONY CASTRO (01) | |

### GOVERNMENT MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE DEFENDANT'S PROPOSED EXPERT TESTIMONY OUT OF TIME

The United States hereby requests leave from the Court to file a *Motion to Exclude Defendant's Proposed Expert Testimony* after the deadline imposed by the Court for the filing of pretrial motions. This necessity for the *Motion to Exclude Defendant's Proposed Expert Testimony* was not apparent and could not have been foreseen until now.

### Procedural Background

Castro was charged by indictment on January 3, 2024. (*See* Dkt. No. 3.) Following his initial appearance, this Court entered a Pretrial and Scheduling Order, initially setting the trial for March 18, 2024. (*See* Dkt. No. 17.) In the order, the court directed the government to file its written designation of experts by February 9, 2024. (*See id.* at ¶ 10.) Congruently, the Court ordered the defense to file a written designation of its expert witnesses by February 14, 2024 (five days after the government's filing). (*See id*.)

On February 9, 2024, after several discussions between the parties, the defense filed an unopposed motion to continue the trial date and other dates related to pretrial filings. (*See* Dkt. No. 19.) The Court granted the motion, resetting the trial for May 20, 2024. (*See* Dkt. No. 21.) In its order, the Court did not specifically identify new dates for the filing of

expert witness designations but did extend pretrial deadlines generally, including the motion to file pretrial motions to April 12, 2024. (*See id*.)

The parties conferred and agreed that the government would file a written designation of its expert witnesses by April 1, 2024, and the defense would file its written designation by April 6, 2024. These dates were chosen based on an understanding of the way in which the Court set the initial deadlines and to ensure that the parties would have sufficient time to prepare, file, and respond to these designations before trial. The parties discussed using later dates and the government deferred to the defense. The defense specifically selected the April 1st and April 6th deadlines, as its preferred approach.

The government complied per this agreement and the Court's order, filing written designations and notices related to three potential expert witnesses. (*See* Dkt. Nos. 27-29.) These notices are lengthy and detailed, ranging from 27 to 50 pages each. In compliance with Fed. R. Crim. P. 16(b)(1)(C), each notice identifies the expert, their respective qualifications, relevant opinions, and the bases for such opinions. The government spent a significant amount of time in crafting these filings to ensure compliance with the rules and the agreement of the parties.

At about the time of the filing of the government's written designations, the parties conferred on a variety of matters. As part of that discussion, the defense indicated it was unlikely to be able to comply with the previously agreed April 6, 2024, deadline. The government was amenable to short extension but specifically rejected an extension to the end of April, as that would be too close to trial.

On April 9, 2024, via email, the defense identified its expert, Joseph DiRuzzo, and provided the government with his Curriculum Vitae. The defense did not file a written designation of its expert with the Court and did not provide the government with the required Fed. R. Crim. P. 16(b)(1)(C) disclosures, beyond his identification and qualifications.

In an effort to work with defense counsel and to focus on substantive issues, government counsel did not file a motion seeking to exclude the proposed expert immediately. Instead, the next week, the government inquired as to when the defense would be producing its required Fed. R. Crim. P. 16(b)(1)(C) material. The defense responded and stated that they would comply by April 18, 2024.

On April 18, 2024, the defense emailed a draft of its written designation for Mr. DiRuzzo. The defense did not file this written designation with the Court. In a cover email, attaching the draft, the defense noted that "[w]e are attaching a copy of the expert disclosure, providing for the areas of opinions from Mr. Diruzzo. What we propose is to provide this to you by email here, and to follow up by filing a somewhat more detailed disclosure by the end of April."

The government reviewed the draft filing and responded extensively later in the day, rejecting that approach, and noting that "[y]our proposed filing does not contain any specific opinions on the issues in question and speaks in generalities" and "giving me a broad overview of topics now but filing the real thing (if that is what you intend) with the court later is not particularly helpful." The government specifically identified what it viewed as the deficiencies in the draft in an attempt to avoid litigation on the issue.

**Government Motion to Exclude Defendant Expert Testimony - Page 3**

The parties subsequently conferred. The defense noted that "we don't disagree that we need to provide you with additional clarity on the bases and rationales for the opinions." The defense proposed providing a full disclosure by April 24, 2024, and offered to provide the most critical opinions within "48 hours." This would have meant that the defense would have provided such opinions by April 20, 2024. The government, while not conceding that this approach was acceptable, identified the most pressing areas of concern, again in an honest attempt to obtain the needed information and avoid litigation.

The defense did not provide the promised opinions by April 20, 2024, and then did not provide the full written designation by April 24, 2020.

On April 25, 2024, the government shared the *Motion to Exclude Defendant's Proposed Expert Testimony* (in draft form) with the defense in an attempt to confer and obtain their position. The defense responded the same day with a revised draft written designation. (*See* Draft, attached as Government Exhibit 1.) The defense stated that "[w]e were waiting on a final review on our end and schedules have been challenging." The draft is nine pages long. It is not signed by the expert as required by the Federal Rules. It does contain greater detail than the prior draft but not in a substantial way.

This draft is nine pages long. It is not signed by the expert as required by the Federal Rules. It does contain greater detail than the prior draft but not in a substantial way.

Following the receipt of the draft, the government engaged in a lengthy telephone conferral with defense counsel where it identified the government-identified shortcomings of the defense's draft. The government suggested, given this late stage, that the defense simply make their expert available for questioning by the government. The defense

**Government Motion to Exclude Defendant Expert Testimony - Page 4**

demurred and instead asked for an additional two days to provide yet another draft. The government objected, noting the several prior deadlines the defense had missed and that the government simply cannot waste more time working through drafts with the defense given the amount of work that needs to be completed prior to trial, which starts three weeks from this coming Monday.

## Argument

As a result of actions and assertions by the defense, the government did not anticipate the need to file a *Motion to Exclude Defendant's Proposed Expert Testimony* until now.

The government attempted, in good faith to work with the defense to avoid the need for the filing of the proposed *Motion to Exclude Defendant's Proposed Expert Testimony*. This included multiple phone conversations, emails, and extensions of deadlines. The government believed the defense would comply after a short delay.

Had the defense complied and produced the necessary information in a reasonable amount of time prior to trial, as they promised to do, the government would not have needed to file a *Motion to Exclude* based on failure to comply with the Court's deadline or the federal rules.

Only now, after two additional missed deadlines of April 20, 2024, and April 24, 2024, and another incomplete draft, does the government seek to file the *Motion to Exclude Defendant's Proposed Expert Testimony*. The trial starts three weeks from this coming Monday. The government must take action now or it will be prejudiced. The government

request leave from the Court to file the *Motion to Exclude Defendant's Proposed Expert Testimony*.

The government proposed motion is attached as Government Exhibit 2.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ P.J. Meitl*
P.J. MEITL
Assistant United States Attorney
D.C. Bar No. 502391
801 Cherry Street, 17th Floor
Fort Worth, Texas 76102
Telephone: 817.252.5272
E-mail: philip.meitl@usdoj.gov

## CERTIFICATE OF CONFERENCE

A conference was held on April 25, 2024 between P.J. Meitl, counsel for the government Jason Freeman, counsel for the defendant. This conference occurred via email communications and a telephone conference. The government provided the defense with a draft of the instant filing. Defense counsel stated that they opposed the motion because they thought their draft was sufficient and they would provide a revised draft in two days. The government believes that such a motion is necessary because of the short time to trial.

*/s/ P.J. Meitl*
P.J. MEITL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

On April 26, 2024, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

*/s/ P.J. Meitl*
P.J. MEITL
Assistant United States Attorney