# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 4:24-CR-001-Y(1) |
| | P. J. Meitl, assistant U.S. attorney |
| JOHN ANTHONY CASTRO | Franklyn R. Mickelsen and Jason B. Freeman, attorneys for the defendant |

On May 29, 2024, the defendant, John Anthony Castro, was found guilty by the Court, after a bench trial, on counts one through thirty-three of the thirty-three count indictment. Accordingly, the defendant is adjudged guilty of such counts, which involve the following offense:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNTS** |
|---|---|---|---|
| 26 U.S.C. § 7206(2) | Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return | March 22, 2020 | 1 through 33 |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 on each of counts one through thirty-three of the thirty-three-count indictment, for a total of $3,300.00.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 29, 2024.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed October 30, 2024.

Judgment in a Criminal Case
Defendant: John Anthony Castro
Case Number:  4:24-CR-001-Y(1)                                                              Judgment -- Page **2** of **4**

# IMPRISONMENT

The defendant, John Anthony Castro, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 36 months, per count, as to counts one through five of the thirty-three-count indictment, to run consecutively; 8 months as to count six of the thirty-three-count indictment, to run consecutively to counts one through five; and 36 months, per count, as to counts seven through thirty-three of the thirty-three count indictment, to run concurrently with counts one through six, for a total sentence of 188 months' imprisonment.

The defendant is remanded to the custody of the United States marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 1 year, per count, as to counts one through thirty-three of the thirty-three-count indictment, to run concurrently for a total of 1 year.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court;

not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of preparing tax returns without the probation officer's approval;

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule;

provide to the probation officer complete access to all business and personal financial information; and

pay any remaining balance of restitution in the amount of $277,243.00, as set out in this Judgment.

# FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration in addition to mandatory restitution.

Case 4:24-cr-00001-Y    Document 78    Filed 10/30/24    Page 3 of 4    PageID 992

Judgment in a Criminal Case
Defendant: John Anthony Castro
Case Number:  4:24-CR-001-Y(1)                                           Judgment -- Page **3** of **4**

    As a condition of supervised release, the defendant is ordered to make restitution, in the amount of $277,243.00. Restitution shall be paid to the U. S. district clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

Internal Revenue Service
Attn: Mail Stop 6261, Restitution
333 W. Pershing Avenue
Kansas City, MO 64108
Re: John Anthony Castro

    Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $277,243.00 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $300.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

Case 4:24-cr-00001-Y   Document 78   Filed 10/30/24   Page 4 of 4   PageID 993

Judgment in a Criminal Case
Defendant: John Anthony Castro
Case Number:  4:24-CR-001-Y(1)                                                    Judgment -- Page **4** of **4**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States marshal

BY _____
deputy marshal