```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS.                       § | ACTION NO. 4:24-CR-001-Y |
| § | |
| JOHN ANTHONY CASTRO (1)    § | |

## ORDER DENYING MOTION FOR PRODUCTION OF GRAND JURY INFORMATION

Pending before the Court is Defendant's pro-se Motion for Production of Grand Jury Information (doc. 161). After review of the motion, the government's response, and the applicable law, the Court concludes that the motion should be, and it is hereby, DENIED, for the reasons urged by the government.

Additionally, Defendant has failed to adequately demonstrate that he needs the requested grand jury information to prove that "a variance existed between the indictment and the proof at trial." *United States v. Lewis*, 476 F.3d 369, 384 (5th Cir. 2007). "A material variance occurs 'when the proof at trial depicts a scenario that differs materially from the scenario charged in the indictment but does not modify an essential element of the charged offense.'" *United States v. Mitchell*, 484 F.3d 762, 769 (5th Cir. 2007) (quoting *United States v. Delgado*, 401 F.3d 290, 295 (5th Cir. 2005)). "We determine whether a variance occurred by comparing the evidence presented at trial with the language of the indictment." *Id.* The indictment and exhibits admitted at trial are in the record, and the transcript of the trial proceedings soon will be. Defendant fails to demonstrate that evidence or statements made at the grand jury proceeding are necessary or relevant for this comparison.

SIGNED March 6, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE