```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION


UNITED STATES OF AMERICA      §
                              §
VS.                           §     ACTION NO. 4:24-CR-001-Y
                              §
JOHN ANTHONY CASTRO (1)       §
```

<u>ORDER RULING ON CERTAIN PENDING MOTIONS</u>
<u>(With Special Instructions to the Clerk of the Court)</u>

Pending before the Court is Defendant's Motion for Rehearing on Post-Verdict Detention (doc. 172). After review of the motion, the government's response, and the applicable law, the Court concludes that the motion should be, and it is hereby, DENIED. For the reasons urged by the government, the Court discerns no basis to review Defendant's detention pending appeal. In short, the Court concludes now, as it did when Defendant was taken into custody, that none of the factors warranting release pending appeal militate in favor of Defendant's release. *See* 18 U.S.C. § 3583(b).

Also pending before the Court is Defendant's Motion to Provide the Judgment of Conviction and Statement of Reasons (doc. 173). In its response, the government indicates that it provided Defendant with a copy of both when it provided Defendant with its response to his motion. Furthermore, Defendant should have received a copy of both documents from his former counsel of record. Consequently, the Court concludes that this motion should be DENIED as MOOT.

Defendant has also filed a Motion for Reconsideration Regarding Motion for Production of Final PSR (doc. 174). Defendant contends he was never provided with a copy of his presentence report by the probation officer, as required by Federal Rule of Criminal Procedure

32(e)(2). It is clear from the record, however, that Defendant's counsel was provided with the PSR. Additionally, the government's response indicates that Defendant's former counsel informed the government that former counsel previously provided Defendant with a copy. Thus, it appears Defendant is simply complaining that the probation officer never gave him a copy in violation of the rule. If that is the case, the Court discerns no harm. In any event, in an abundance of caution, and because Defendant is proceeding herein pro se, the Court GRANTS this motion and DIRECTS the clerk of the Court to transmit to Defendant at his address of record the presentence report (doc. 55) and the two addendums to the presentence report (docs. 62 and 65). Defendant is advised that these documents have been filed under seal and should therefore be treated confidentially.

Also pending before the Court is Defendant's "Motion for Reconsideration of Defendant's Motion for Leave to Reply to Government's Response to Defendant's Motion to Compel Production of Recording" (doc. 176). The Court has reviewed the record, however, and it does not appear that Defendant filed a motion for leave to file a reply to that motion. Nonetheless, it appears from the title of the motion that Defendant requests reconsideration of the Court's order denying his prior Motion to Compel Production of Hearing Transcript Software Data and Recordings (170). But the text of his motion refers to matters the government stated in its response (doc. 169) to his Motion for Production of Transcript of Evidentiary Record, which the Court recently denied as premature (doc. 195). After review of the motion, the government's response, the Court's prior orders,

and the record in this case, the Court concludes that the motion should be, and it is hereby, DENIED. As the Court stated in its prior order (doc. 195) denying as premature the motion for production of the transcript, the transcript of the trial proceedings has not yet been completed and will be provided to Defendant when it is, assuming Defendant has made payment arrangements with the Court's reporter (and it appears from the emails attached as an exhibit to his motion that he has). To the extent the government's prior response (doc. 169) indicated that the transcript had already been provided to Defendant, it was in error. To the extent Defendant's motion again seeks the reporter's "software data and recordings," the motion is denied, for the reasons previously stated in the Court's prior order (doc. 170).

Defendant has also filed a Motion for Reconsideration of Defendant's Motion for Leave to File Reply to Government's Response to Motion to Update PSR (doc. 177). Again the Court has reviewed the record and does not believe Defendant ever filed a motion for leave to file a reply to that motion. In any event, to the extent Defendant instead requests reconsideration of the Court's order denying his Motion for Compliance with Federal Rule of Criminal Procedure 32(i)(3)(C), it is DENIED, for the reasons urged by the government.

Also pending before the Court is Defendant's Motion for Mailing of Certain Documents (doc. 178). In the motion, Defendant again requests "this Court to mail the Court's Statement of Reasons, Judgement Order, and Transcript of the Post-Verdict Detention Hearing." (Mot. for Mailing (doc. 178) 1.) As indicated above, the

government has indicated that it provided him with a copy of the judgment and statement of reasons. Consequently, the motion is DENIED as moot to that extent. To the extent Defendant seeks a transcript of "the post-verdict detention hearing," he must make arrangements for any transcripts by contacting the Court's reporter and paying any required fee.

Also pending before the Court is Defendant's Motion for Copy of Local Rules (doc. 179). The government's response indicates that it provided Defendant with a copy of the Court's Local Criminal Rules and Judge Specific Requirements. Furthermore, as indicated in the government's response, the local rules are available online at the Court's website. Alternatively, the Court presumes Defendant may obtain a copy from the clerk of the Court upon payment of any required reproduction fee. Consequently, the motion is DENIED.

Defendant has also filed a Motion for Writ of Mandamus (doc. 180). In the motion, Defendant again objects that the probation officer allegedly did not comply with Rule 32(e)(2) by providing him with a copy of the PSR and now makes clear that he only wants a copy of the presentence report to be provided to him by the probation officer and not by the Court. Defendant's motion is duplicative and frivolous. Whether the probation officer previously complied with that rule by personally providing Defendant with a copy of the PSR is no longer of any moment. Defendant was represented by counsel at trial, and counsel clearly got a copy. Additionally, the government has indicated that it provided Defendant with a copy, and the Court has now directed the clerk to provide him with a copy. Defendant does not get to pick who provides him with the relief he

seeks. The motion is DENIED.

Defendant also filed a Motion for Leave to Reply to Government's Response to Defendant's Motion for Production of Certain Grand-Jury Information (doc. 181). The Court has already denied the motion for production (doc. 194); thus, the motion for leave to file a reply to that motion is DENIED as moot. Furthermore, the Court's local rules do not permit the filing of a reply as a matter of course. *See* N.D. TEX. L. CRIM. R. 47.1(f). And the Court is not inclined to permit a reply brief or to revisit its prior ruling, especially given that Defendant's original motion (doc. 161) stated that he desired the grand-jury information for "his future motion to vacate under 28 U.S.C. § 2255." Defendant's appeal has not even concluded; thus, any motion for relief under § 2255 would be wholly premature, and the Court is not inclined to entertain multiple motions seeking evidence to support it at this juncture of these proceedings. Furthermore, for the reasons stated in the government's response and the Court's order denying the motion for production, Defendant has failed to demonstrate that he is entitled to the disclosure he seeks.

Finally, Defendant filed a Second Motion for New Trial and Evidentiary Hearing (doc. 183). Although Defendant contends that portions of his motion are "[b]ased on new evidence," (Second Mot. for New Tr. (doc. 183) 1, 2, 3, 7, 8), he presents no new evidence in support of his motion and instead simply repeatedly asserts that mantra in conclusory fashion. Furthermore, several of his arguments clearly are not based on new evidence (that Defendant was sentenced "based on a baseless theory of conspiracy" (*id.* at 5 ), and that the Court purged the "evidentiary hearing the morning of trial rather

than [at] the pre-trial hearing" (*id.* at 9)).[1] As a result, the Court concludes that his motion should be, and it is hereby DENIED, as untimely. *See* FED. R. CRIM. P. 33(b)(2).

Representing oneself, particularly from prison, is difficult even in the best of circumstances. Should Defendant change his mind about desiring counsel, he may still attempt to retain one or, if he can qualify as indigent, request that the Court appoint one on his behalf.

SIGNED March 21, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] The Court has no idea what Defendant is referencing regarding the alleged "purging," but it is clear that Defendant contends it happened, and thus knew about it, well prior to the verdict.