```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

```
UNITED STATES OF AMERICA       §
                               §
VS.                            §    ACTION NO. 4:24-CR-001-Y
                               §
JOHN ANTHONY CASTRO (1)        §
```

ORDER DISMISSING OR, ALTERNATIVELY, DENYING PENDING MOTIONS

Pending before the Court is Defendant's Motion to Produce Witness Statements (doc. 190). After review of the motion and the government's response, the Court concludes that the motion is moot. The government's response indicates that it produced any such statements to Defendant's counsel well before trial.

Defendant has also filed a Motion to Amend Conditions of Supervised Release (doc. 191). In the motion, Defendant contends that the Court's judgment added five conditions that were not pronounced at sentencing. As indicated in the government's response, however, these conditions were listed in an Order Setting Conditions of Supervised Release (doc. 77) that was signed by Defendant and discussed by the Court at sentencing. *See* Tr. Vol. 9 (doc. 229) at 32-33.)[1] As a result, Defendant's motion is meritless.

Also pending before the Court are Defendant's Motions for Leave to File Reply Briefs (docs. 234 and 235). Local Criminal Rule 47.1(f) prohibits the filing of reply briefs as a matter of course; rather,

---

[1] Those pages of the transcript reflect that the Court stated that "[w]hile on supervised release, [Defendant] shall . . . comply with certain other conditions that have been set out in a separate order signed by me this day and offered to Mr. Castro for his review and signature. He has now returned that order, with his signature, indicating his receipt of those other conditions, his understanding of them, his waiver of having them read here in open court, and his agreement to be bound by them and subject to revocation for any violation of them."

the party must seek and obtain leave of Court to file a reply. This Court rarely grants leave to file reply briefs in criminal cases and discerns no reason to do so here. Indeed, Defendant does not present any justification for filing a reply brief; rather, his motions for leave merely proceed to further argue the substantive points at issue in his original motions.

Also pending before the Court is Defendant's Motion for Production of Signed Testimonial Stipulation Agreement (doc. 192). The government's response points to the stipulations in the record (docs. 36 and 44), both of which were signed by Defendant's former counsel. Consequently, Defendant's motion lacks merit.

Defendant has also recently filed a Motion to Strike the Constitutionally Deficient Alleged Stipulations at ECF 36 and Request for Evidentiary Hearing (doc. 231). In the motion, Defendant contends he never authorized his counsel to agree to that stipulation and even contends, without proof, that his counsel never signed it. But the attachments to the government's response, which consist of an email thread between counsel that even included Defendant himself at one point, demonstrate otherwise. Defendant also complains that the stipulation does not contain a scanned image of his counsel's signature, presumably an objection based on Local Criminal Rule 49.5(d). But that rule does not apply to "a document signed by a defendant," which of course includes a document signed by counsel for Defendant acting as Defendant's agent.

Furthermore, and most importantly, Defendant has filed a notice of appeal (doc. 85) which remains pending with the United States Court of Appeals for the Fifth Circuit. As a result, this Court lacks

jurisdiction to grant any of Defendant's requests. "The general rule is that a case can exist only in one court at a time, and notice of appeal permanently transfers the case to [the appellate court] until we send it back: 'The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *See United States v. Lucero*, 755 F. App'x 384, 386 (5th Cir. 2018) ((quoting *Griggs v. Provident Consumer Disc. Co.* 459 U.S. 56, 58 (1982)).  All of the matters at issue in Defendant's motions are involved in the pending appeal.

Consequently, Defendant's motions are DISMISSED for lack of jurisdiction or, in the alternative, DENIED on their merits.

SIGNED May 23, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE