```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | ACTION NO. 4:24-CR-001-Y |
| | § | |
| JOHN ANTHONY CASTRO | § | |

<u>ORDER DENYING MOTION TO COMPEL AND AMENDED MOTION TO CORRECT</u>

Pending before the Court is Defendant's Motion to Compel Compliance with the Court Reporter Act (doc. 239). Also pending before the Court is Defendant's Amended Motion to Correct the Trial Transcript and Request for Evidentiary Hearing (doc. 240). After review of these motions, the government's response, the record in this case, and the applicable law, the Court concludes that Defendant's motions should be, and they are hereby, DENIED.

Defendant appears to largely complain that the Court's reporter refused to provide his proxy with access to the reporter's audiotape recordings and original notes of Defendant's trial. But the Court's reporter contemporaneously transcribed the trial stenographically and, from that, produced a certified written transcript of those proceedings, as is required by the Court Reporter's Act, 28 U.S.C. § 753(b). Those transcripts were ordered by and provided to Defendant, and they are available for inspection in the office of the clerk of the Court, as the Act requires. Given that any audiotapes employed and maintained by the reporter are superfluous to her stenography, they are her personal property and not subject to Defendant's, or his proxy's, inspection. *See United States v. Austin*, 954 F.3d 877, 879 (6th Cir. 2020) ("[W]hen an audiotape is merely a backup to the court reporter's stenographic record (as here), the audiotape is the

personal property of the court reporter and there is no public entitlement to the audiotapes").

To the extent that Defendant contends there are inaccuracies in the certified trial transcript, he has wholly failed to present any proof in support of his claim. As the government's response notes, his motions are confusing in that one motion contends he was refused access to the audio recordings of his trial, whereas the other suggests that there are flaws in the certified transcript of his trial in light of his comparison of the transcript to the same audio recordings. Defendant cannot have it both ways: he is either playing fast and loose with the truth in one motion or the other. In any event, given that Defendant has wholly failed to present any proof in support of his speculative contention that the certified trial transcript is in error, he has failed to overcome the prima-facie presumption that the certified transcript is correct. *See id.* (noting that a certified "transcript is presumed to be a correct representation of the proceedings," and concluding that the defendant had not overcome that presumption where he provided the court with "no reason to doubt the accuracy of the transcripts"). Suffice it to say, the Court does not recall making the statement about "outlandish legal positions" that Defendant attributes to it, nor is it this Court's practice to make any statement "as he takes his seat on the bench." (Am. Mot. (doc. 240) at 3, ¶ 1.)

SIGNED June 18, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE